```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

FLORANGELIS MARIA CABREARA MEDINA,
ALEXANDER JOSE VIZCAINO MARRUFO,
JANE DOES 1-10, JOHN DOES 1-5,
KAREEMA WASHINGTON, and
ERICA SEYMOUR,                                    MEMORANDUM AND ORDER
                                                    24 Civ. 8512 (NRB)
              Plaintiffs,

         - against -

NEW YORK STATE DIVISION OF MILITARY
AND NAVAL AFFAIRS, RAPID RELIABLE
TESTING NY, LLC d/b/a DOCGO,
DEVEN COLON, RIGOBERTO NUÑEZ, and
JOHN DOES 1-10,
              Defendants.

-----------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs Florangelis Maria Cabreara Medina, Alexander Jose Vizcaino Marrufo, Kareema Washington, Erica Seymour, and several other anonymized individuals were guests of and/or employees at a privately run, state-funded Humanitarian Emergency Relief and Response Center ("HERRC") in Cheekotwaga, New York.  See ECF No. 12 ("Compl.").  Cheekotwaga is located within the Western District of New York.  See United States Courts, Federal Court Finder at https://www.uscourts.gov/.  The facility was established in 2023 as a shelter for migrants and asylum seekers arriving in New York.  Plaintiffs bring claims

under 42 U.S.C. § 1983 and various state tort laws against several defendants, including the New York State Division of Military and Naval Affairs ("NY National Guard"), Rapid Reliable Testing NY, LLC d/b/a DocGo ("DocGo"), Deven Colon (a Sergeant in the NY National Guard stationed at Cheektowaga), Rigoberto Nuñez (a DocGo employee at the Cheektowaga HERRC), and other unnamed NY National Guardsmen and DocGo employees. Specifically, plaintiffs allege that defendants engaged in unconstitutional conduct at the shelter, including physical violence and sexual exploitation. See Compl. at 1, 3–13.

A review of the complaint made clear that the parties and factual nexus of this case are overwhelmingly in the Western District of New York.  Accordingly, on November 18, 2024, this Court ordered plaintiffs to show cause as to why this action should not be transferred to the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1404(a). See ECF No. 13 ("OTSC"). On November 25, 2024, plaintiffs responded to the OTSC and argued that this Court should retain the case. See ECF No. 14 ("Response"). For the reasons set forth below, the Court finds plaintiffs' arguments unpersuasive and, accordingly, orders that this case be transferred to the Western District.

**RELEVANT FACTS**

The factual accusations in this case involve conduct at the Cheektowaga HERRC near Buffalo, New York. See Compl. at 1. All identifiable plaintiffs reside in Erie County, New York, which is within the Western District. See ECF No. 2 ("Civil Cover Sheet") at 3. Additionally, two of the four defendants reside in Erie County. Id. The two remaining defendants, the NY National Guard and DocGo, operate throughout the state but are formally residents of Albany County and New York County, respectively. Id.

**LEGAL STANDARD**

Federal district courts have broad discretion under 28 U.S.C. § 1404(a) to transfer "any civil action to any other district or division where it might have been brought" so long as doing so serves "the interest of justice." 28 U.S.C. § 1404(a); see also In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (holding that the decision to transfer a case "lie[s] within the broad discretion of the district court and [is] determined upon notions of convenience and fairness on a case-by-case basis").

**DISCUSSION**

It is undisputed that this case could have been brought in the Western District, as plaintiffs acknowledge. See Response

at 3 ("Plaintiffs do not dispute that this action could have been brought in the Western District of New York."). Thus, from the outset, the necessary precondition under 28 U.S.C. § 1404(a) is met. Unlimited Care, Inc. v. Visiting Nurse Ass'n of E. Mass., Inc., 42 F.Supp.2d 327, 333 (S.D.N.Y.1999) ("A court electing to transfer an action may only transfer such action to a district where it might have been brought initially.") (internal quotation marks omitted).

The only remaining question then is whether a transfer would serve the "interest of justice." In determining whether transfer is appropriate, courts consider: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative means of the parties; (4) the locus of the operative events; (5) the relative ease of access to sources of proof; (6) the weight accorded to plaintiff's choice of forum; (7) the availability of process to compel unwilling witnesses; (8) the forum's familiarity with the governing law; and (9) trial efficacy and the interests of justice based upon the totality of the circumstances. See Schoenefeld v. New York, No. 08 Civ. 3269 (NRB), 2009 WL 1069159, at *2 (S.D.N.Y. Apr. 16, 2009). These factors do not comprise an exclusive list, and they should not be applied mechanically or formulaically; rather, they should help guide the Court's exercise of discretion. See Tole

v. Glenn Miller Prods., Inc., No. 12 Civ. 6660 (NRB), 2013 WL 4006134, at *3 (S.D.N.Y. Aug. 6, 2013).

Considering these factors, this Court finds, without reservation, that the interests of justice are furthered by transferring this case to the Western District. First, and most importantly, is the convenience of the parties. "[A]ll (four) of the Plaintiffs are residents of Erie County and three of the four Defendants are residents of Erie and Albany County." Response at 4. Thus, there can be no doubt that the Western District is a far more convenient forum for the parties than the Southern District. The fact that "[p]laintiffs have indicated [a] willingness to offer testimony in this venue" is entirely unpersuasive, id., for plaintiffs' readiness to go out of their way and travel to this District does not necessarily make this forum more convenient. In a similar vein, this Court also wholly rejects plaintiffs' argument that modern "remote testimony" technology somehow overcomes the potential inconvenience of litigating in a foreign forum. Simply put, this Court does not exist as a satellite office for non-residents to virtually appear absent an otherwise sufficient connection to this forum.

Plaintiffs further advance the argument that this venue is convenient by claiming that DocGo "is already located within this venue," and another defendant, the NY National Guard,

5

"already operates statewide." Id. It must first be emphasized that plaintiffs cannot presume to speak for what is and is not convenient for defendants, especially with respect to events that did not, in fact, occur in this District. Even if we engage with plaintiffs' argument however, there are clear convenience-based reasons that indicate DocGo and the NY National Guard can litigate with ease elsewhere in the state. With respect to DocGo, plaintiffs acknowledge in their complaint that "DocGo is a legally recognized for-profit corporation operating under the laws of New York and other jurisdictions." Compl. at 2. The fact that DocGo is a for-profit entity suggests that it has "some means," as plaintiffs themselves admit, to litigate this case in a neighboring venue, a conclusion that is even further bolstered by the fact that the corporation operates in other venues in New York. See Response at 7. Thus, the mere fact that DocGo happens to be domiciled in New York County cannot, standing alone, supply a sufficient hook for us to retain the case. A similar conclusion obtains for the NY National Guard, which plaintiffs concede operates throughout the state. See Id.

In addition to party convenience, several other factors also strongly support transfer. Most importantly, the factual epicenter of this case is in the Western District of New York. All the complained-of conduct, including the alleged instances

of violence and sexual exploitation, occurred at the Cheektowaga HERRC. Indeed, plaintiffs do not contest -- nor could they credibly do so -- that "the locus of operative facts is almost entirely within the Western District of New York." Response at 6. Inversely, the Southern District lacks any relationship to the facts of this case. While "[o]rdinarily a plaintiff's choice of forum is accorded great deference . . . [it] is accorded less weight to the degree that the case's operative facts" and the plaintiffs themselves "have little or no connection" to the forum selected. Boehner v. Heise, 410 F. Supp. 2d 228, 240 (S.D.N.Y. 2006) (internal quotation marks omitted).

Furthermore, because the heart of this case lies in the Western District, it logically follows that the Western District is a more convenient forum for possible witnesses, including Cheekotwaga employees, HERRC guests, and on-premises National Guardsmen. In fact, plaintiffs acknowledge as much, stating that "[t]he only witnesses who can be identified at this point . . . are the parties," which, as emphasized above, primarily reside within the Western District. Response at 4. In addition to witness convenience, there is also no doubt that the bulk of the evidence is likely located at or near the shelter in the Western District.

The remaining factors -- the parties' relative means, the availability of process, and the forum's familiarity with the governing law -- are at most neutral in the transfer analysis.

"Essentially, no significant connection exists between the instant action and this District, other than [one defendant's residence] and the fact that the case was filed here." Posven, C.A. v. Liberty Mut. Ins. Co., 303 F. Supp. 2d 391, 408 (S.D.N.Y. 2004). Therefore, a transfer to the Western District is in the interests of justice and is appropriate under § 1404(a).

This Court would also be remiss if it failed to highlight what is perhaps truly driving plaintiffs' choice of forum, that being convenience of counsel. All the attorneys that have appeared thus far in the case are located in downtown Manhattan within a mere half-mile of this courthouse. With this in mind, we respectfully remind counsel that while 28 U.S.C. § 1404(a) takes into account the relative convenience for various parties-litigants, "the convenience of the parties' lawyers is not relevant to the decision whether to transfer." Olympia Grp., Inc. v. Cooper Indus., Inc., No. 00 CIV. 7367 (MBM), 2001 WL 506219, at *2 (S.D.N.Y. May 14, 2001).

All things considered, this Court struggles to see how either the ends of justice or judicial economy could be furthered by retaining this case in the Southern District.

## **CONCLUSION**

For the foregoing reasons, the Court respectfully requests that the Clerk of Court transfer venue to the Western District of New York pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**

Dated:    December 10, 2024
          New York, New York

                                              NAOMI REICE BUCHWALD
                                            UNITED STATES DISTRICT JUDGE